IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| GARY CONWAY<br><br>Plaintiff,<br><br>v.<br><br>COLONIAL PENN LIFE INSURANCE COMPANY, et al.<br><br>Defendant. | Case No. 3:22-cv-50230<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Gary Conway sued Colonial Penn Life Insurance Company ("Colonial Penn") and its President, Joel Schwartz, alleging that they violated his federal constitutional rights when they sold Mr. Conway's sister a life insurance policy on his life without his authorization. *See* Dkt. 1. Before the Court is Colonial Penn and Mr. Schwartz's motion to dismiss. Dkt. 31. They argue that the Court lacks subject-matter jurisdiction over Mr. Conway's claim and that Mr. Conway fails to state a claim upon which relief could be granted. Dkts. 31, 32. Because the Court lacks subject-matter jurisdiction, the Court grants their motion and dismisses Mr. Conway's complaint without prejudice. Dkt. 1.

**BACKGROUND**

Mr. Conway alleges that Colonial Penn sold Mr. Conway's sister a life insurance policy on Mr. Conway's life without his permission. Dkt. 1, at 4–5. He believes that "something is being cover[ed] up," and wants to know why his sister

1

purchased this policy. *Id.* So, on June 29, 2022, he sued Colonial Penn and Mr. Schwartz under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that they violated his federal constitutional rights. Dkt. 1, at 1. He asks the Court for a "court order" to get the information he wants. *Id.* at 6.

Mr. Conway attached to his complaint a slew of letters he wrote state regulators and agencies, as well as a copy of the Colonial Penn "Certificate Schedule," indicating that the policy benefit amount is $5,000. *See id.* at 7–14, 17, 29.

Colonial Penn and Mr. Schwartz moved to dismiss the complaint on April 11, 2023, arguing that the Court lacks subject-matter jurisdiction over this dispute and that Mr. Conway failed to state a claim upon which relief could be granted. Dkts. 31, 32. Mr. Conway responded on April 20, 2023. Dkt. 34. His response simply stated that he had filed a complaint on June 29, 2022, and he attached a copy of the complaint. *Id.*

Then, on April 25, 2023, and May 10, 2023, Mr. Conway sent two letters to the Court. Dkts. 37, 38. In the letters, which are substantively the same, Mr. Conway makes no mention of *Bivens* or his federal constitutional rights. *Id.* Instead, he claims that "[t]hese people of Colonial Penn" committed "forgery an[d] fraud" because he "never authorized" the sale of the life insurance policy. Dkt. 37, at 1. He goes on to state that "[s]ince [t]his happen[ed]," he must "look[] over [his] shoulder" everywhere he goes. *Id.* He also must "repair [hernia] surgery that these people orchestrated back in 2015." *Id.* He requests $2 million in damages. *Id.*

2

Colonial Penn and Mr. Schwartz replied, arguing that Mr. Conway abandoned his *Bivens* claim, that his new claims fail to invoke the Court's subject-matter jurisdiction, and that he fails to state a claim upon which relief could be granted. *See* Dkt. 40.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 only requires that a plaintiff's complaint allege a short and plain statement establishing the basis for the claim and the Court's jurisdiction, as well as prayer for the relief sought. Fed. R. Civ. P. 8(a). According to the Supreme Court, this means that the complaint's factual allegations, rather than any legal conclusions, must raise the plausible inference that the defendant is liable for the misconduct complained of. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court may consider documents that are attached to a complaint. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

The defendant, as the moving party, bears the burden of establishing that the complaint's allegations, taken as true, are insufficient. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

## ANALYSIS

"Subject-matter jurisdiction is the first issue in any case." *Miller v. Sw. Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019). "Federal courts are courts of limited jurisdiction," and a federal court acting without subject-matter jurisdiction "violates federalism and separation-of-powers principles underlying our constitutional system." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994);

3

*McHugh v. Ill. Dep't. of Transp.*, 55 F.4th 529, 535 (7th Cir. 2022). "The party invoking federal jurisdiction bears the burden of establishing that it exists." *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023).

Congress has provided two "basic statutory grants of federal-court subject matter jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). The first, 28 U.S.C. § 1331, provides for "federal question" jurisdiction. § 1331. A plaintiff properly invokes § 1331 jurisdiction when the plaintiff "pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (quoting § 1331).

The second, 28 U.S.C. § 1332, provides for "diversity of citizenship" jurisdiction. *Arbaugh*, 546 U.S. at 514 (citing § 1332). Diversity jurisdiction exists when a plaintiff "presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh*, 546 U.S. at 513 (citing § 1332(a)).

Mr. Conway brings his claim under *Bivens*. Dkt. 1, at 1. Although *Bivens* claims certainly arise under federal law, Mr. Conway's claim is far from "colorable." *Arbaugh*, 546 U.S. at 513.

In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against *federal* officers alleged to have violated a citizen's *constitutional rights*." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (emphasis added). Here, there are no allegations whatsoever that Colonial Penn or Mr. Schwartz was a federal official or that they violated Mr. Conway's constitutional rights. *See*

4

Dkt. 1. Thus, Mr. Conway has failed to adequately invoke the Court's federal question jurisdiction. § 1331; *Arbaugh*, 546 U.S. at 513.

Diversity jurisdiction provides no refuge, either. Colonial Penn and Mr. Schwartz argue that "[t]here is simply no set of facts consistent with the facts revealed in the Complaint and reasonable inferences therefrom under which Plaintiff can recover more than $75,000 in money or other relief valued at more than $75,000." Dkt. 32, at 3. Mr. Conway fails to address this argument in his response. Dkt. 34. The Court therefore treats any arguments to the contrary as forfeited. *Boogard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018). Thus, Mr. Conway has failed to invoke the Court's diversity jurisdiction. § 1332; *Arbaugh*, 546 U.S. at 514.

To tie up all loose ends, the Court must address what to make of the letters that Mr. Conway filed on April 25, 2023, and May 10, 2023. Dkts. 37, 38. It is unclear whether Mr. Conway intended these letters to be unsolicited and unauthorized supplemental responses to the motion to dismiss, or whether he intended one (or both) of them to serve as an amended complaint. If he intended one of his letters to serve as an amended complaint, Mr. Conway should have the opportunity to address the issues raised in Colonial Penn and Mr. Schwartz's reply brief before having the Court rule as to whether they should be dismissed for lack of subject-matter jurisdiction or failure to state a claim.

So, cognizant of Mr. Conway's pro se status, the Court will dismiss the complaint without prejudice and with leave to amend. Dkt. 1. Mr. Conway may file

5

an amended complaint by August 21, 2023. If no amended complaint is filed by that date, then the case may be terminated for failure to prosecute. *See* Fed. R. Civ. P. 41.

Mr. Conway is cautioned that "[o]nce an amended pleading is filed, it supersedes the prior pleading." *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). If Mr. Conway intends either his August 25, 2023, or May 10, 2023, letters to serve as an amended complaint, Mr. Conway must refile those allegations in a complaint that complies with Federal Rule of Civil Procedure 8. Mr. Conway is also informed that if he wants to include in his amended complaint the documents that were included in the original complaint, he must include those documents alongside his amended complaint. *See Duda*, 133 F.3d at 1057.

Finally, it would behoove Mr. Conway to think twice as to whether his allegations will properly invoke the Court's subject-matter jurisdiction (and if they will state a claim upon which relief could be granted) before filing any amended complaint. Rule 11 sanctions "may be imposed on any suit that is frivolous," regardless of if the plaintiff is pro se. *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990).

## CONCLUSION

For the foregoing reasons, the Court grants Colonial Penn and Mr. Schwartz's motion to dismiss. Dkt. 31. The Court dismisses Mr. Conway's complaint without prejudice. Dkt. 1. Mr. Conway has until August 21, 2023, to file an amended complaint consistent with this Order.

Date:  July 27, 2023

                                                  Honorable Iain D. Johnston
                                                  United States District Judge